**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHAEL EVANS, | Civil Action |
| Plaintiff, | No. 22-5427 (CPO) (AMD) |
| v. | |
| GOVERNOR PHILIP MURPHY, et al., | **OPINION** |
| Defendants. | |

**O'HEARN, District Judge.**

Plaintiff, formerly a county inmate, is proceeding *pro se* with an Amended Complaint (hereinafter "Complaint") pursuant to 42 U.S.C. § 1983. For the following reasons, the Court will dismiss the Complaint without prejudice for failure to comply with Federal Rule of Civil Procedure 8. Plaintiff shall have thirty days to file a proposed amended complaint that cures the deficiencies discussed below.

## I.  BACKGROUND

In September of 2022, Plaintiff filed his initial complaint, and in February of 2023, filed the instant Complaint. (ECF No. 20, at 32.) The Court will construe the limited factual allegations of the Complaint as true for the purpose of this Opinion.

It appears that Plaintiff resided at the Cumberland County Jail and was then transferred to the Hudson County Jail. (ECF No. 1, at 2–5.) The Complaint is largely difficult to decipher. Plaintiff names *at least* 104 individuals and entities as Defendants in this matter. The Court gleans from the rambling thirty-three-page Complaint, that Plaintiff believes that Defendants have violated his rights related to law library access, attorney access, certain fees, due process, and his physical and emotional wellbeing. Plaintiff also appears to allege that Defendants have engaged in a grand conspiracy to mismanage government funds.

Plaintiff seeks monetary damages, his release from custody, and some type of financial accounting from multiple government entities. (ECF No. 20, at 32.)

## II.  STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis* and in which a plaintiff sues "a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a).  District courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b).  When considering a dismissal for failure to state a claim on which relief can be granted, courts apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6).  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

Consequently, to survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In addition to these pleading rules, a complaint must satisfy Federal Rule of Civil Procedure 8(a), which states that a complaint must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a

> demand for the relief sought, which may include relief in the alternative or different types of relief.

"Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a 'short and plain' statement of a cause of action." *Johnson v. Koehler*, No. 18-00807, 2019 WL 1231679, at *3 (M.D. Pa. Mar. 15, 2019). Stated differently, Rule 8 requires a showing that the plaintiff is entitled to relief in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

### III. DISCUSSION

The Court has reviewed the Complaint and finds that it fails to comply with Federal Rule of Civil Procedure 8. As discussed above, Rule 8 requires the Complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Here, the thirty-three-page Complaint "is as detailed as it is rambling and confusing," and consists almost entirely of legal words, phrases, and conclusions, haphazardly thrown together. *Pilkey v. Lappin*, No. 05-5314, 2006 WL 1797756, at *1 (D.N.J. June 26, 2006). The Complaint also shifts back and forth between topics and is drafted in a hyper-detailed manner that makes "it arduous to sift through . . . and . . . stitch together the relevant allegations in relation" to any particular Defendant. *Mobley v. Wetzel*, No. 14-00035, 2016 WL 11452949, at *1–2 (M.D. Pa. Feb. 11, 2016).

Critically, throughout the Complaint, Plaintiff alleges that some or all of the Defendants acted in unison, without delineating the actions of each Defendant or explaining under what circumstances they acted or failed to act. Alternatively, on a few occasions, the Complaint contends that an individual committed a wrong, and then argues that some or all of the Defendants were somehow responsible. These types of allegations constitute improper group pleading. Mere

3

"conclusory allegations against defendants as a group" that "fail[] to allege the personal involvement of any defendant" are insufficient to state a claim. *Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297, at *2 (D.N.J. June 29, 2015). A plaintiff must allege facts that "establish each individual [d]efendant's liability for the misconduct alleged." *Id.* When a plaintiff names a number of defendants in a complaint, a plaintiff cannot refer to all defendants "who occupied different positions and presumably had distinct roles in the alleged misconduct" without specifying "*which* defendants engaged in what wrongful conduct." *Falat v. County of Hunterdon*, No. 12-6804, 2013 WL 1163751, at *3 (D.N.J. Mar. 19, 2013) (emphasis in original). A complaint that contains "impermissibly vague group pleading" is subject to dismissal. *Id.*

In the present case, Plaintiff alleges that some or all of the Defendants are liable for various actions or omissions, without specifying which Defendants are at issue. As a result, Defendants would be unable to determine if certain sentences or paragraphs apply to any specific defendant. Of course, the few sentences that contain names are attributable, but many do not identify the defendant at issue. Further, Plaintiff could easily believe that Defendants other than the named Defendant(s) are liable for the conduct in a particular sentence or paragraph. Consequently, Defendants would be unable to decipher the true scope of Plaintiff's claims against any individual defendant.

Accordingly, Plaintiff's claims fail to comply with Rule 8 as they fail to simply or directly allege what Plaintiff's claims are against each Defendant and fail to provide fair notice of the grounds on which he intends to rest his claims. Fed. R. Civ. P. 8. In other words, the Complaint "would not provide any meaningful opportunity for the Defendants to decipher or answer the vague allegations levied against them." *Koehler*, 2019 WL 1231679, at *3; *see Twombly*, 550 U.S.

at 555.  Accordingly, the Court will dismiss without prejudice the Complaint for failure to comply with Rule 8.

Additionally, Plaintiff may not have been aware, but each of his claims is a separate cause of action that requires him to allege different facts to state a claim.  Plaintiff cannot rely *solely on legal conclusions*; the Complaint must allege "sufficient factual matter" to show that the claims are facially plausible. *See Fowler*, 578 F.3d at 210.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555) ("a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").  Plaintiff cannot simply allege that a defendant committed a dozen wrongs, *without explaining the factual circumstances underlying each claim*, *i.e.*, the who, what, when, where, and how, of each claim and as to each defendant.

For all those reasons, the Court will give Plaintiff an opportunity to submit a proposed amended complaint that cures the deficiencies discussed above.  If Plaintiff wishes to submit a proposed amended complaint he shall: 1) "refrain from repeating allegations, unless absolutely necessary; (2) *include allegations about each defendant in a single location* rather than scattering the allegations throughout the pleading; (3) refrain from going into detail about every single discussion that may have occurred, unless absolutely relevant to the claims; (4) refrain from discussing" background information or other events that "only have a tangential relation to the underlying claims; (5) refrain from arguing and using conclusive allegations;" and (6) refrain from discussing reactions, feelings, conjecture, and thoughts, after each of Defendants' actions. *Mobley*, 2016 WL 11452949, at *1–2 (emphasis added).

More specifically, Plaintiff *must* include a separate section for each individual Defendant, detailing his specific factual allegations and legal claims against that individual Defendant only. He must do this for every single Defendant. In those individualized sections, he must also separate each legal claim and explain how that particular Defendant committed that alleged legal wrong. For example:

1. Defendant John Doe #1
    a. All factual allegations as to only John Doe #1.
    b. First legal allegation as to only John Doe #1.
    c. Second legal allegation as to only John Doe #1.
    d. Etc.
2. Defendant John Doe #2
    a. All factual allegations as to only John Doe #2.
    b. First legal allegation as to only John Doe #2.
    c. Second legal allegation as to only John Doe #2.
    d. Etc.

Additionally, Plaintiff must ensure that his proposed amended complaint does not contain group pleading allegations.

## IV. CONCLUSION

For the reasons set forth above, the Court will dismiss the Complaint without prejudice. Plaintiff shall have thirty days to file a proposed amended complaint in accordance with this Opinion. An appropriate Order follows.

Dated: May 31, 2023

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**
